**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50330 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00261-MMM-1 |
| v. | |
| RAUL ERNEST ALONSO-PRIETO, AKA Charles Powell, AKA Kenneth Robert Murphy-Peterson, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted August 2, 2011
Pasadena, California

Before: REINHARDT and BERZON, Circuit Judges, and KENNELLY, District

Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Matthew F. Kennelly, District Judge for the U.S. District Court for Northern Illinois, Chicago, sitting by designation.

Raul Ernest Alonso-Prieto ("Alonso") appeals his 61-month sentence following guilty pleas to mail fraud, in violation of 18 U.S.C. § 1341, and aggravated identity theft, in violation of 18 U.S.C. § 1028A. Alonso contends that the district court erred in assigning three criminal history points under the United States Sentencing Guidelines ("U.S.S.G.") for his 2008 state-court conviction for extortion and the unauthorized practice of law. Alonso maintains that the state-court conviction should have instead been considered "part of the same course of conduct or common scheme or plan as the offense of conviction," U.S.S.G. § 1B1.3(a)(2), making it "relevant conduct," *id.* § 4A1.2(a)(1), rather than criminal history. We affirm.

We review the district court's factual findings for clear error and its application of the Sentencing Guidelines to the facts of the case for an abuse of discretion. *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005). Upon that review, we cannot say that the district court committed clear error or abused its discretion in considering Alonso's state-court conviction as criminal history rather than relevant conduct.

Although the state and federal offenses occurred at roughly the same time, the "similarity" and "regularity" components of the § 1B1.3(a)(2) analysis are quite weak. *See United States v. King*, 200 F.3d 1207, 1216 (9th Cir. 1999); *United*

2

*States v. Hahn*, 960 F.2d 903, 910 (9th Cir. 1992). The only fact truly common to both criminal episodes was Alonso's use of the same false identity, that of an attorney, "Peterson," who purportedly worked for an organization called the "Amicus Curiae Foundation." But while that identity was crucial to the mail-fraud scheme, whereby Alonso induced victims to hire him as their immigration attorney, it was not particularly important to the state extortion scheme, at least on the record before us. Central to the latter was Alonso's use of a binder of information about a corporation's employees to extort the company into paying him for its return, an activity that did not depend on his status as an attorney. In all other relevant respects, the crimes were quite different: in the federal crime, for example, Alonso acted alone and victimized immigrants seeking legal services, whereas in the state scheme, he acted with an accomplice to target a corporation by withholding its employee records. The crimes also employed distinct modus operandi. The district court therefore did not commit clear error or abuse its discretion in holding that Alonso's state conviction was not conduct relevant to crime of conviction. *See Kimbrew*, 406 F.3d at 1151; *King*, 200 F.3d at 1216.

**AFFIRMED.**